1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| OLIVER HILSENRATH, | ) | No. C 07-5100 WHA |
|---|---|---|
| | ) | Related to CR 03-00213 WHA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **[PROPOSED] ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on January 3, 2008 on the United States' motion to dismiss plaintiff's "Amended Motion for a Writ of Injunction" for lack of jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(b)(1) & (6). In his motion, plaintiff asked the Court to enjoin the Department of Justice, Office of International Affairs (OIA), from returning proof to Switzerland that it served Oliver Hilsenrath with a copy of an order issued by a Swiss domestic court. The proof of service is the certified mail receipt that plaintiff signed on September 10, 2007.

The Court dismisses plaintiff's civil case with prejudice on the following grounds:

1. Plaintiff's Amended Motion/complaint is moot. OIA already served plaintiff by certified mail, which is the Treaty's only requirement for service in a situation like this one. See Article 22(1)( and (4). Hilsenrath believes that service is accomplished only upon OIA's return

PROPOSED ORDER
C 07-5100 WHA


of proof of service to Switzerland, but he is mistaken under the plain language of the Treaty.  To the extent that Hilsenrath disagrees about what event (service or proof of service) triggers the ten-day appeal period under Swiss law, that claim – like any of his challenges to the Swiss order – must be raised in Switzerland or where the assets are located.  See Credit Suisse v. United States District Court, 130 F.3d 1342, 1348 (9th Cir. 1997).  As the Court has ruled previously, see CR 432 at 2, No. 03-CR-00213-WHA (Nov. 7, 2007), there is no jurisdiction in this Court.  See Fed. R. Civ. P. 12(b)(1).

    2. Plaintiff – like any private party – has no standing to sue the United States or to challenge service of process under the United States-Switzerland mutual legal assistance treaty, which expressly excludes private parties from obtaining judicial relief in situations like this.  See Treaty Between the United States and the Swiss Confederation on Mutual Assistance in Criminal Matters (the "Treaty"), 28 UST 2019, TIAS 8302 (1975), Article 37(1).  Under the plain language of the Treaty, only the contracting parties have rights and obligation regarding mutual service of process except in limited circumstances that do not apply here.  See Article 22(1) & (2); Article 37(1).   Because the language of the Treaty is clear, the Court applies the treaty as written, holds that Hilsenrath lacks standing under the treaty, and dismisses the motion for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).  See, e.g., United States v. Lazarevich, 147 F.3d 1061, 1064 (9th Cir. 1998); see United States v. Garcia, 37 F.3d 1359, 1366 (9th Cir. 1994) (discussing a defendant's lack of standing under the Swiss MLAT), receded from on other grounds, United States v. Jackson, 167 F.3d 1280 (9th Cir. 1999); accord United States v. Davis, 767 F.2d 1025, 1029-30 (2nd Cir. 1985) (same); United Kingdom v. United States, 238 F.3d 1312, 1317 (11th Cir. 2001) (same).

    3. Moreover, even if he had standing, the Court would dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Treaty – which is the law of the land and binds the Court – required the United States to serve Mr. Hilsenrath with the order by certified mail, which it did.  See Treaty, Article 1(4)(d) (requirement of service) and 22 (service by certified mail).  The United States' remaining treaty obligation is to notify the Swiss

1  authorities that it served Mr. Hilsenrath.  See Treaty, Article 32.  There are no exceptions under
2  the Treaty that excuse this obligation to return proof of service to the Swiss authorities.  Cf.
3  Treaty, Articles 2, 3, and 22(2) (setting forth exceptions that give the United States discretion to
4  refuse to serve process).  Plaintiff does not state a claim.
5      The Court dismisses this action with prejudice.
6      IT IS SO ORDERED.
7  DATED:_____         _____
                                    WILLIAM H. ALSUP
8                                   United States District Judge