SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6855
Facsimile: (415) 436-6927
Email: joann.swanson@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER HILSENRATH,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. C07-05100 WHA<br>Related to CR 03-00213 WHA<br><br>**UNITED STATES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: January 3, 2008<br>Time: 8:00 a.m.<br>Ctrm: 9, 19th Floor |

## I. INTRODUCTION

Plaintiff Oliver Hilsenrath ("plaintiff" or "Hilsenrath") seeks to enjoin the United States Department of Justice, Criminal Division, Office of International Affairs ("OIA"), from returning proof of service of a Swiss order that OIA served at Switzerland's request under the United States-Switzerland Mutual Legal Assistance Treaty (the "Treaty" or "MLAT"). The United States has moved to dismiss the action with prejudice for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted.[1]

Plaintiff opposes the motion by arguing that he is a beneficiary of the Treaty; that the United States was obligated to refuse to provide any assistance to Switzerland under that Treaty; that by returning the proof of service the United States would be breaching it its duty to him

[1] The United States submits that its motion may be decided on the papers and without oral argument.

under the Treaty; and that he should be allowed to sue the United States for injunctive relief under the Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA"). Plaintiff did not provide any case law to support his argument.

The Court should reject plaintiff's argument. Both the Treaty and case law are clear that plaintiff is not a beneficiary of the Treaty, that the United States does not owe plaintiff any duty under the Treaty, and that plaintiff cannot sue to enjoin either party for an alleged breach of the Treaty. Further, the APA, a limited waiver of sovereign immunity that allows for judicial review of certain administrative and regulatory acts by government agencies, is not applicable to the United States' obligations under the Treaty. In fact, judicial review of acts such as those alleged here is precluded. Moreover, plaintiff has already been served under the Treaty and, in light of the Swiss proceeding against plaintiff's assets, plaintiff's request for injunctive relief prohibiting OIA from returning the proof of service is moot. Moreover, the substance of plaintiff's claims is that Switzerland has improperly frozen his Swiss assets. This Court has already held that it does not have jurisdiction for plaintiff to sue Switzerland or its officials.[2]

## II. STATEMENT OF FACTS

On November 19, 2007, plaintiff gave AUSA Beeler a copy of a letter that he received a letter from Credit Suisse which indicated that there had been a request for assets from the Suisse Federal Prosecutor on November 6, 2007, and that it was compelled to comply with these orders. Supplemental Declaration of Laurel Beeler, Exh. A. The Credit Suisse letter also enclosed a copy of the order of the Swiss Federal prosecutor. In that letter, the Swiss prosecutor stated that the Swiss order "has become final and enforceable." *See* Declaration of Joann Swanson, Exh. A (certified translation of enclosure). Plaintiff has also sued Credit Suisse as well as United Bank of Switzerland regarding their assets in Switzerland. *See Hilsenrath, et al. v. Credit Suisse, et al.*, C 07-5374 WHA.

---

[2] In a related case, this Court has already ruled that it does not have any jurisdiction over plaintiff's claims against Switzerland or its officials. *See Hilsenrath, et al. v. The Swiss Confederation, et al.*, C 07-02782 WHA (Order dated October 23, 2007). *See also United States v. Hilsenrath*, CR 03-00213 WHA (November 7, 2007 Order).

## III. PLAINTIFF'S CASE SHOULD BE DISMISSED WITH PREJUDICE.

**A. Plaintiff Does Not Have any Rights under the Treaty.**

As set forth at pages 6-8 of the United States' moving papers, plaintiff does not have any standing to sue under the Treaty. Neither is he a beneficiary of the Treaty. Neither does the Treaty give rise to any right to by plaintiff or any other private third party to sue a party to the Treaty.

By their express terms, the treaties set forth mutual obligations between countries like the United States and Switzerland. In fact, the United States-Switzerland MLAT expressly excludes private parties (such as plaintiff) from asserting rights under the treaties:

> The existence of restrictions in this Treaty shall not give rise to a right on the part of any person to . . . obtain other judicial relief in connection with requests under this Treaty, except with respect to [certain exceptions not relevant here, like the applicability of the requested state's laws regarding search and seizure and a person's right to refuse to testify if he has a right to refuse under the law in either state.]

Article 37(1), November 13, 2007 Declaration of Laurel Beeler ("Beeler Decl."), Exh. C at 31. *See United States v. Garcia*, 37 F.3d 1359, 1366 (9th Cir. 1994) ("Garcia concedes that under the Treaty a defendant has no standing to challenge an erroneous use of Swiss banking records"), *receded from on other grounds, United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999). Similarly, in *United States v. Davis*, the Second Circuit held that the clear and unambiguous language of Article 37 reflected the contracting states' intention that "the Treaty would not . . . confer judicially enforceable rights on individuals," and that therefore a defendant had no standing to suppress Swiss bank records based on an alleged violation of the Treaty. 767 F.2d 1025, 1029-30 (2nd Cir. 1985); *see United Kingdom v. United States*, 238 F.3d 1312, 1317 (11th Cir. 2001) (key feature of MLAT between the United Kingdom and the United States "is the requirement that a request for assistance be made, not directly to the courts, but rather between the 'Central Authorities'. . . . MLAT, Art. 2, ¶ 2. There is no provision for private parties, such as individual criminal defendants . . ., to request the production of information.")

Because he is neither a party to nor a beneficiary of the Treaty and because he did not acquire any rights under the Treaty, plaintiff cannot state any claim under the Treaty.

//

**B. OIA's Service of Documents under Article 22 of the Treaty Is Not Subject To Judicial Review under the APA.**

It is well settled that "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981), quoting *United States v. Testan*, 424 U.S. 392, 399 (1976), quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Here, plaintiff attempts to invoke the APA and 28 U.S.C. § 1331 to do indirectly what he cannot do directly under the Treaty. Plaintiff does not provide any legal support for this argument that the OIA's compliance with Article 22 of Treaty is reviewable under the APA.

The Court should rejected plaintiff's claim for a number of reasons. First, the APA is a limited waiver of sovereign immunity for actions to review certain federal agency actions and final decisions. The APA does not apply to the instant case. For example, the APA does not apply where judicial review is precluded or where agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a). As discussed above, the Treaty itself and case law interpreting such treaties preclude judicial review of ministerial acts such as those undertaken by OIA at the request of Switzerland. Furthermore, to allow judicial review of an act requested under the Treaty would improperly interfere with Switzerland's right and ability to enforce its own orders. As discussed in the Court's October 23, 2007 Order in plaintiff's lawsuit against the Swiss Confederation, C 07-02782 WHA, the Treaty allows for diplomatic processes to be carried out through executive powers. It does not, however, provide a waiver of sovereign immunity. If plaintiff seeks to contest the Swiss orders, he must do so in Switzerland and may not use the APA to undermine the Swiss authorities.

Second, the right of review is further limited to situations where a person suffers a "legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute, . . . ." 5 U.S.C. § 702. As discussed above and in the United States' motion, plaintiff has no legal rights under the Treaty and has therefore suffered no "legal wrong" because of OIA's service of Swiss documents on him. The "legal wrong" about which plaintiff is complaining is that Switzerland improperly froze his Swiss assets. As this Court has

previously held, that is an argument he must make in Switzerland and not in this Court

**C. <u>There Is No Federal Jurisdiction Because there Is No Case or Controversy.</u>**

This case should be dismissed because it is moot. Specifically, plaintiff has already received and acknowledged receipt of the Swiss documents. As documented by their letters to Credit Suisse and Credit Suisse's letter to plaintiff, the Swiss authorities are proceeding to enforce their order against plaintiff's assets. Supp. Beeler Decl., Exh. A. Indeed, the Swiss authorities have informed Credit Suisse that the order has become "final and enforceable". Swanson Decl., Exh. A.

Because plaintiff has been served and the Swiss authorities are proceeding against his Swiss assets, plaintiff's claim for injunctive relief against OIA is moot and should be dismissed.

## IV. CONCLUSION

For the reasons set forth above and in the United States' moving papers, the Court should dismiss this action with prejudice.

Dated: December 20, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/ Joann Swanson
JOANN SWANSON
Chief, Civil Division

**CERTIFICATE OF SERVICE**

**Hilsenrath v. USA**
**C 07-05100 WHA**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X__ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____ PERSONAL SERVICE (BY MESSENGER)

____ FEDERAL EXPRESS via Priority Overnight

__X__ EMAIL

____ FACSIMILE (FAX)

to the party(ies) addressed as follows:

Oliver Hilsenrath, Pro Se
822 Eastbrook Ct.
Danville, CA 94506
PH: 925.212.6299 FX: 925.736.7571
Email: oliver_hilsenrath@sbcglobal.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this December 20, 2007 at San Francisco, California.

____/s/______________________________
LILY HO-VUONG
Legal Assistant