OLIVER HILSENRATH
822 Eastbrook Ct.
Danville, CA 94506
Telephone: 925.212.6299
Facsimile: 925.736.7571
Email: oliver_hilsenrath@sbcglobal.net

PLAINTIFF PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OLIVER HILSENRATH,** | Case No. C07-05100 WHA |
| Plaintiff, | Related to CR 03-00213 WHA |
| v. | **SURREPLY IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS** |
| **UNITED STATES OF AMERICA,** | Date: January 3, 2008 |
| Defendant. | Time: 8:00 a.m. |
| | Room: 9, 19th Floor |
| | Judge: Hon. William H. Alsup |

Ms. Swanson, attorney for the USA, either does not understand the subject of this action or else she purposely misleads this Court.

This action is about an error of the USA who served a criminal foreign judgment on plaintiff Oliver Hilsenrath in breach of the law and the rules of procedure.

That foreign judgment has dire and indefinite repercussions on plaintiff such as the taking of plaintiff's personal freedom and his criminal incrimination in several foreign countries for an unlimited term.

How can such taking of personal freedom be moot?

1

Ms. Swanson is masquerading the confiscation of funds as the only matter to be dealt with.

In fact it is the least significant of matters.

Ms. Swanson cites case law that is irrelevant and does not even connect to the matters of this case. All case law cited refers to use and retrieval of evidence through foreign treaties in proceedings in US District Court.

The OIA made a mistake by serving a foreign criminal judgment on plaintiff Oliver Hilsenrath.

The right procedure was to submit such judgment to the Court and have the Court serve (or not) the judgment on plaintiff, while allowing for due process pursuant to Fed. R. Civ. P. 69(a)

> **Tacul, S.A. v. Hartford Nat'l Bank & Trust Co., 693 F. Supp. 1399**
> In the absence of an applicable federal statute, the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practices and procedure of the state in which the district court is held, existing at the time the remedy is sought. Fed. R. Civ. P. 69(a).

Ms. Swanson, attorney for the USA also complains that plaintiff, pro se litigant did not cite enough case law referring to the Court's authority in relation to the APA. While the Ms. Swanson's argument is mostly embarrassing, here is in summary how courts have viewed plaintiff's right to review under the APA:

> **Troy Corp. v. Browner, 1997 U.S. App. LEXIS 30315**
> The "unambiguous language" of the Administrative Procedure Act provides that a reviewing court shall hold unlawful and set aside agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C.S. § 706(2)(A). In all cases agency action must be set aside if the action was invalid for those reasons

And:

Under 5 USCS § 706(2)(A) even discretionary agency decisions are reviewable for abuse of discretion. Wolchuck v Bowen (1989, CA9 Cal) 871 F2d 869,

The Court should deny Ms. Swanson's motion to dismiss. The USA should serve the Swiss criminal judgment the proper way, through the Courts, and allow for the adequate due process.

Dated: December 21, 2007

          Respectfully submitted,

                            OLIVER HILSENRATH
                            PLAINTIFF PRO SE

                              /s/ Oliver Hilsenrath