IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER HILSENRATH, | No. C 07-05100 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**INTRODUCTION**

Pro se plaintiff Oliver Hilsenrath moves to enjoin United States Department of Justice, Criminal Division, Office of International Affairs ("OIA") from returning to Switzerland proof of service of process of a Swiss order. Defendant moves to dismiss plaintiff's action on the grounds that plaintiff lacks subject-matter jurisdiction and fails to state a claim upon which relief can be granted. For the reasons stated below, this order **GRANTS** the motion to dismiss.

**STATEMENT**

The Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters (the "Treaty") has been in effect for the last three decades. Article 22 of the Treaty provides (Beeler Decl. Exh. C at 18–19):

> 1. The competent authority in the requested state [here, the United States] shall effect service of any procedural document, including a court judgment, decision or similar document, which is transmitted to it for this purpose by the requesting state [Switzerland]. Unless service in a particular form is requested, it may be effected by registered mail. The requested state shall, upon

> application, effect personal service or, if consistent with the law in the requested state, service in any other form.
>
> 2. The requested state [the United States] may refuse to effect service of legal process on a person, other than a national of the requesting state [Switzerland], calling for his appearance as a witness in that state if the person to be served is a defendant in the criminal proceeding to which the request relates.
>
> \*   \*   \*
>
> 4. Proof of service shall be made by a receipt dated and signed by the person served or by a declaration specifying the form and date of service and signed by the person effecting it.

The Swiss government issued an order in the Swiss criminal case. The Swiss order was entitled, "Provisional Suspension of Investigation and Cessation of Criminal Proceedings." The OIA mailed Hilsenrath the Swiss order in early September 2007 by certified mail. Hilsenrath signed the return receipt. The OIA, however, has not yet returned proof of service to the Swiss government.

Ten days after service of the order, unless an appeal is made, Hilsenrath's family assets will be confiscated. Hilsenrath therefore attempts to halt service of the Swiss order by filing an "Amended Motion for a Writ of Injunction" in *United States v. Hilsenrath*, CR 03-00213 WHA. He alleges that service of the Swiss order violates the United States Constitution and international law. He therefore requests that the OIA be enjoined from returning proof of service to Switzerland. In the government's view, the ten-day countdown after which the Swiss order will be effective occurs when the OIA officially notifies the Swiss authorities that Hilsenrath was served rather than the date he actually received service. The government requests that the motion be dismissed for lack of subject-matter jurisdiction and the failure to state a claim upon which relief can be granted.

**ANALYSIS**

This order holds that the Court lacks subject-matter jurisdiction over Hilsenrath's claims. Because the action must be dismissed on this ground, there is no need to address whether Hilsenrath failed to state a claim upon which relief can be granted.

2

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900–01 (9th Cir. 2007).[1]

Under the terms of the Treaty, Hilsenrath was served. Treaties negotiated between the United States and foreign nations "stand[] on the same footing of supremacy as do the provisions of the Constitution and laws of the United States." *Asakura v. City of Seattle*, 265 U.S. 332, 344 (1924). Furthermore, "[t]he clear import of treaty language controls unless 'application of the words of the treaty according to their obvious meaning effects a result inconsistent with the intent or expectations of its signatories.'" *Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 180 (1982).

According to Article 22 of the Treaty (emphasis added), "[u]nless service in a particular form is requested, *it may be effected by registered mail*. The requested state shall, upon application, effect personal service or, if consistent with the law in the requested state, *service in any other form*." Here, Hilsenrath received the Swiss order by certified mail, and he signed the return receipt. Application of the words of the treaty according to their obvious meaning would *not* effect a result inconsistent with the intent or expectations of the signatory nations. It is difficult to imagine how construing Hilsenrath's receipt of the Swiss order by certified mail as service under the Treaty would be somehow inconsistent with the original intent of United States and Switzerland at the time of signing. The Treaty's requirements for service have been satisfied, and the date when OIA officially notified the Swiss authorities of service has no bearing on the actual date of service — nor the ten-day countdown. Hilsenrath's request

---

[1] Unless indicated otherwise, internal citations are omitted from all cites.

3

to enjoin sending proof of service to the Swiss government is therefore moot. The Court lacks subject-matter jurisdiction over Hilsenrath's claims.[2]

Hilsenrath contends that the United States government is obligated to protect his rights under the Treaty. Not so. Private parties cannot assert rights under the Treaty. It specifically states: "The existence of restrictions in this Treaty shall not give rise to a right on the party of any person to take any action in the United States to suppress or exclude any evidence or to obtain other judicial relief in connection with requests under this Treaty, except with respect to [various provisions that address search and seizure or a person's right to refuse to testify]" (Beeler Decl. Exh. C at 26). None of the exceptions applies here because there are no issues regarding search and seizure or a potential witness's refusal to testify.

Hilsenrath also attempts to invoke the Administrative Procedure Act in support of his position. Hilsenrath's reliance on the APA is misplaced. Only a "person suffering legal wrong because of agency action, or adversely affected or aggrieve by agency action within the meaning of a relevant statute" is entitled to judicial review. 5 U.S.C. 702. Hilsenrath has not suffered a legal wrong or been adversely affected at the hands of an agency. OIA merely served the Swiss order to Hilsenrath, which was required by the Treaty, and now Hilsenrath resists OIA sending proof of service back to the Swiss government (even though service has already been effected). No case law supports the proposition that service of this kind constitutes a legal wrong review able under the APA.

Finally, Hilsenrath cannot use this lawsuit to assert that actions by the Swiss government have violated his constitutional and international rights. As discussed in an order in an earlier civil action between Hilsenrath and the Swiss Confederation, this Court concluded that a United States federal court could not exercise jurisdiction over a foreign state and its

---

[2] Defendant argues that Article 22(4) of the Treaty provides that, as long as the United States government does not return the signed receipt, service is incomplete. This reading is incorrect. *First*, subsection 4 states that *proof of* service — not service itself — shall be made by a receipt dated and signed by the person served or by a declaration specifying the form and date of service and signed by the person effecting it. *Second*, this subsection clearly states proof of service is made when the person served dates and signs a receipt, which Hilsenrath did.

4

instrumentalities. *See Hilsenrath, et al. v. The Swiss Confederation, et al.*, C 07-02782 WHA (order dated Oct. 23, 2007).

## CONCLUSION

Because this order finds that there is a lack of subject-matter jurisdiction, the motion to dismiss is hereby **GRANTED**. The Clerk shall close the file. Plaintiff Hilsenrath has now filed repetitive meritless complaints. He is a sophisticated businessman, not a typical pro se litigant. He is now advised that if he continues to launch meritless litigation, he may be subject to sanctions.

**IT IS SO ORDERED.**

Dated: January 3, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE